IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-01547-RJC |
| | ) | |
| vs. | ) | |
| | ) | |
| ABC PHONES OF NORTH CAROLINA, | ) | |
| INC., doing business as VICTRA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The above captioned case was initiated by the filing of a complaint on December 2, 2019 (ECF No. 1).  Plaintiff Michael Schmidt ("Plaintiff") alleges violations of the Americans with Disability Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA") as a result of his termination from employment on April 12, 2018; he also alleges  Defendant subjected him to quid pro quo sexual harassment, or, in the alternative, a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the PHRA. (ECF No. 1 ¶¶ 31-38, 39-43).  Presently pending before the Court is Defendant's Motion to Dismiss for Failure to Prosecute. (ECF No.  35).  For the reasons stated herein, the motion will be granted.

## I.  Procedural History

On June 23, 2020, this Court issued a Case Management Order setting forth the case deadlines, including that fact discovery be completed by November 20, 2020. (ECF No. 15.)  On August 12, 2020, Defendant served Plaintiff, through his counsel, with its First Set of Interrogatories and Requests for Production of Documents ("Defendant's Discovery Requests").  Plaintiff's responses were due on or before September 11, 2020.  The Parties scheduled a mediation on September 17, 2020, which was unsuccessful. (ECF No. 21). Defendant's counsel endeavored

to prompt responses to the Discovery Requests, and was told by Plaintiff's counsel  his responses would be provided by Friday, October 9, 2020. Plaintiff's counsel also indicated that Plaintiff's cell phone had been sent to a third party vendor for forensic imaging. On Sunday, October 18, 2020, Plaintiff's counsel informed Defendant that his client had been ill, and that he was still "in the process of getting [Plaintiff's] phone imaged," which contained "critical" evidence.

On October 23, 2020, in light of the upcoming November 20, 2020 discovery deadline, Defendant again inquired as to when Defendant could expect to receive Plaintiff's responses to Defendant's Discovery Requests. Plaintiff's counsel informed Defendant that Plaintiff required an additional 90-120 days to complete discovery, and on October 26, 2020, Plaintiff filed a Motion for Extension of Time to Complete Discovery, requesting a 100-day extension of time. (ECF No. 22).   On November 4, 2020, Defendant filed a Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests, arguing that a 100-day extension to complete fact discovery was not warranted given the nature of the case, Plaintiff's lack of diligence and engagement in the discovery process. (ECF No. 26). On November 5, 2020, the Court granted in part and denied in part Plaintiff's Motion for Extension of Time to Complete Discovery and Defendant's Motion to Compel; the Court denied Plaintiff's request for discovery to be extended 100 days, and instead ordered that discovery by extended to January 15, 2021, and further ordered that, "Plaintiff shall respond to Defendant's First Set of Interrogatories and Request for Production of Documents, together with the requested documents and electronically stored information, on or before November 30, 2020. (ECF No. 27).

On November 11, 2020, Plaintiff's counsel informed Defendant that he had "not heard from Mr. Schmidt" and that Plaintiff had not responded to his firm's attempts to contact him On November 25, 2020, Plaintiff's counsel filed a motion to withdraw as counsel stating that

"Plaintiff has failed substantially to fulfill an obligation . . . regarding the foregoing discovery order." (ECF No. 28). On December 1, 2019, the Court granted a stay of the case and ordered Plaintiff, or Plaintiff's new counsel, to file a Notice with the Court on or before January 4, 2021 "indicating whether substitute counsel has been obtained or plaintiff intends to process pro se." (ECF No. 29).  On January 12, 2021, Plaintiff's counsel notified the Court that Plaintiff failed to inform him on whether new counsel had been obtained. (ECF No. 30). On January 14, 2021, the Court lifted the stay and granted Plaintiff's counsel motion to withdraw as counsel for Plaintiff and designated Plaintiff as proceeding pro se. (ECF No. 31). The Court then extended the fact discovery deadline to March 15, 2021. (ECF No. 31).

On January 15, 2021, Defendant sent Plaintiff an email attaching a copy of Defendant's Discovery Requests and requesting that Plaintiff provide Defendant with copies of his responses, as well as all relevant documents, that were due on September 11, 2020. Defendant also mailed a letter and a copy of Defendant's Discovery Requests to Plaintiff's last known address. On January 26, 2021, Defendant's counsel spoke with Plaintiff by telephone, and Plaintiff informed her that he retained new counsel and that he would provide his Responses to Defendant's Discovery Requests by January 29, 2021. By February 3, 20201, Plaintiff still had not provided his discovery responses to Defendant.

On February 9, 2021, the Court having been advised that a discovery was stalled, held a Telephonic Status Conference, regarding Plaintiff's outstanding discovery responses. During this conference, with a court reporter present, Plaintiff stated that he had not retained new counsel as he initially represented to Defendant. He also admitted to failing to open Defendant's emails and not informing the Court or Defendant regarding the change to his mailing address. The Court ordered Plaintiff to file a Notice of Change Address by February 16, 2021, which he failed to do.

(ECF No. 33).  The Court also ordered plaintiff to search his email for discovery requests forthwith. Plaintiff confirmed his email address of record is correct, and confirmed his current mailing address.  On March 3, 2021, the Court's deputy clerk noted that during the week of February 22, 2021, the deputy clerk had telephoned Plaintiff and reminded him that his filing of a Notice of Address change was overdue, and Plaintiff indicated he would do so immediately.  On March 5, 2020, the Court issued an Order noting that Plaintiff has failed to comply with the Court's previous Order directing him to file a Notice of Change of Address and put Plaintiff "on notice that failure to comply with this Court's Orders, policies and procedures can result in dismissal of the action for failure to prosecute." (ECF No. 34).  This Order was both mailed to Plaintiff via first class mail at his last known address as well as sent to him via email at the email address he had confirmed on February 9, 2021.

During the Status Conference on February 9, 2021, the Court also ordered Plaintiff to respond to all outstanding discovery requests within 30 days—i.e., by March 11, 2021. (ECF No. 33).  Thus far, Plaintiff has failed to serve any responses to Defendant's discovery requests or provide Defendant with copies of any documents responsive to said requests.  Defendant filed a Status Report on March 16, 2021, indicating that counsel had spoken with Plaintiff via telephone in an attempt to coordinate the filing of a Joint Status Report as per our Order dated January 14, 2021 (ECF No. 31).  During that telephone call, Defendant's counsel informed Plaintiff she would email him a copy of the draft Joint Report, and asked him to provide feedback before the close of business on March 16, 2021.  He failed to do so. (ECF No. 37).

On March 18, 2021, the Court entered an Order to Show Cause (ECF No. 39) which was both mailed to plaintiff via first class mail, was sent to him via email. His response was due on April 2, 2021.  No response has been filed.

4

It is apparent that Plaintiff has lost interest in his case.

## II. Legal Standard

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. *See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P.*, 405 Fed. Appx 592, 595 (3d Cir. 2010), *citing Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) and *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).

### III. Discussion

Because five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal, this case will be dismissed with prejudice. Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is now proceeding in this matter *pro se*. There is no indication that he failed to receive the numerous orders set forth above. In fact, he failed to communicate with his own attorney and this led his counsel to withdraw his appearance.   He has continued to fail to respond to discovery responses despite having been ordered to do so and despite having been reminded of his obligations to comply with our orders and the Federal Rules of Civil Procedure. The failure to respond to the Court's rulings and orders in question is wholly Plaintiff's failure, and he bears full responsibility for any failure in the prosecution of his claims. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders).

(2) Prejudice to the adversary.

The complaint has been pending for well over one year.  Plaintiff's failure to participate in the litigation has deprived Defendant of information necessary to defend against Plaintiff's claims.   Plaintiff's dilatoriness has caused Defendant to request discovery conferences with the court and to file a motion to compel.  Defendant was  certainly inconvenienced in preparing for and attending the status conferences and attempting to defend this case.  Thus, we find Defendant has been significantly prejudiced.

(3) A history of dilatoriness.

The level of inattention Plaintiff recently has displayed is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely

fashion. He has missed several court-mandated deadlines, failed to respond to Defendant's counsel's attempts to contact him and engage him in the discovery process, and indeed, is in violation of multiple Court Orders.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," *Poulis, supra*, and it appears that his failure is willful.  Moreover, he failed to notify the Court of any change of address, which is his obligation, if indeed he has moved.  He has repeatedly failed to respond to any of Defendant's counsel's efforts and communication, and we conclude his actions intentionally disregard his own case and our Orders.

(5) Alternative sanctions.

Imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction, because he has no attorney upon whom the Court could impose sanctions or expenses for failing to comply with our Orders.  *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Plaintiff's utter lack of participation in this litigation has potentially resulted in lost witness memories or other relevant information no obtained over the past year.  Dismissal is the most effective sanction under the particular facts and circumstances of this case.

(6) Meritoriousness of Plaintiff's case.

This factor is neutral, as it is impossible for this Court to determine whether Plaintiff's claims against the Defendant are meritorious.  It is possible that at least some of Plaintiff's claims are meritorious.

For the reasons stated above, Defendant's motion will be granted and this case will be dismissed with prejudice due to Plaintiff's repeated failure to comply with the Orders of this Court, and failure to prosecute.

AND NOW, this 15th day of April, 2021, for the reasons discussed above, it is hereby

ORDERED that Defendant's Motion to Dismiss (ECF No. 35) is hereby GRANTED and  Plaintiff's

Complaint (ECF No. 1) is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to

prosecute and for failure to comply with court orders.  The Clerk of Courts shall mark this case as

CLOSED.


BY THE COURT:

s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: April 15, 2021
cc:    counsel of record

      MICHAEL SCHMIDT via CM-ECF electronic notice and first class mail at:
      320 Edgewood Avenue
      New Castle, PA 16105